UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROCHESTER LABORERS' PENSION, WELFARE-S.U.B.,
ANNUITY AND APPRENTICE AND TRAINING FUNDS            08-CV-6494T
by Robert Brown, as Chairman and Daniel Hogan,
as Secretary, LABORERS INTERNATIONAL UNION OF
NORTH AMERICA, LOCAL UNION NO 435, by Robert
Brown, as Business Manager,

                Plaintiffs,

      v.

CATONE CONSTRUCTION COMPANY, INC., and
JOHN J. CATONE, Individually and as an
Officer of Catone Construction Company, Inc.,

                Defendants.
_____

    Plaintiffs Rochester Laborers' Pension, Welfare-s.u.b., Annuity and Apprentice and Training Funds, And Laborers International Union of North America, Local Union No 435, bring this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq., alleging that the defendants, Catone Construction Company, Inc., and John J. Catone Individually and as an Officer of Catone Construction Company, failed to make fringe benefit contributions to union trust funds in violation of a binding collective bargaining agreement ("CBA"). Specifically, plaintiffs claim that the defendants owe $2,442.84 for unpaid contributions, plus additional monies in interest on unpaid and untimely contributions, liquidated damages as provided for in the CBA, and attorneys' fees and costs.

    Plaintiffs have moved for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure on grounds that the Funds

are entitled to the amount sought, and that the defendants have defaulted.

Defendants Catone Construction Company, Inc. and John J. Catone Individually and as an Officer of Catone Construction Company, Inc., are signatories to a valid and binding collective bargaining agreement with the plaintiffs. According to the terms of the CBA, defendants are required to remit certain sums to the plaintiff funds. During the period May 2007 through March 2008, the defendants allegedly failed to remit timely fringe benefit contributions to plaintiff funds as required under the CBA. On October 31, 2008, plaintiffs filed suit seeking damages for unpaid contributions including the amounts owed, interest, liquidated damages, and attorneys' fees and costs. Defendant failed to answer the complaint, and by motion dated February 13, 2009, plaintiff moved for an entry of default. Default was entered on February 17, 23009. On November 11, 2009, plaintiff moved for default judgment pursuant to Rule 55, of the Federal Rules of Civil Procedure. Although the defendant did not oppose the plaintiff's motion, a person representing himself to be defendant Catone's nephew wrote to the court stating that the defendant is mentally and physically disabled, is residing in an assisted living facility, and has no money or assets.

Based on defendant's failure to appear, I find that plaintiffs are entitled to a default judgment in the amount of $9,960.56 (representing $2,442.84 in unpaid fringe benefit contributions; $3,112.89 in interest; $4,404.83 in liquidated damages) plus

applicable interest. I deny without prejudice plaintiffs' request for attorney's fees, pending supplementation of the record by the plaintiffs with respect to the proper amount of fees that may be awarded in this matter. It is not clear from the billing records submitted in conjunction with plaintiffs' motion for default judgment that all of the items for which plaintiffs' seek compensation are related to the collection of the defendants' delinquent contributions. Some items appear to relate to construction, bonding, or foreclosure issues. Accordingly, I direct the plaintiffs to supplement the record within 30 days of the date of this Order with additional information regarding plaintiffs' request for fees, including an explanation as to why plaintiffs are entitled to an award of fees for items that on their face, do not appear to be related to the plaintiffs' attempts to collect the defendants' delinquent contributions. Upon supplementing the record, plaintiffs shall file an amended motion for attorney's fees.

For the reasons set forth above, it is hereby

**ORDERED** that partial judgment be entered herein by the Clerk of the Court in favor of the plaintiffs and against the defendants for the sum of $9,960.56 plus interest thereon at the rate provided for by 28 U.S.C. Section 1961 from November 1, 2009, and that plaintiffs have execution therefore, which judgment shall not terminate this action, it is further,

3

**ORDERED** the defendants be required to produce their books and records for the period December 1, 2006 to date for plaintiffs' review and audit, to pay the cost and expense of such audit, and to pay all attorneys and paralegals fees and costs incurred in obtaining that audit. While the court is aware of that defendant Catone may have limited resources and significant health issues, the defendant's condition is not a defense to the relief sought by the plaintiffs , and it is further,

**ORDERED** that this court retains jurisdiction to enter judgment in favor of the plaintiffs against the defendants for any and all additional contributions and deductions that are determined to be due as a result of the audit, plus the applicable interest thereon, the liquidated damages, costs and expenses of collection, audit fees and attorney and paralegal fees.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
     MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         December 18, 2009